IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRIANA KATRELL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-164 |
| | ) | |
| MYRA ORSBORN, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner originally filed her petition in the Northern District of Georgia, and United States Magistrate Judge Linda T. Walker transferred the case to this District because Petitioner seeks to challenge her sentence issued by the Superior Court of Richmond County, Georgia. (See doc. no. 3.) For the same reason, Judge Walker noted Petitioner's "instant petition, although filed as a § 2241 petition, is actually pursuant to 28 U.S.C. § 2254." (Id.) On November 2, 2023, the Clerk of Court issued a deficiency notice explaining Petitioner must pay the $5.00 filing fee or submit a properly completed motion to proceed *in forma pauperis* ("IFP") within twenty-one days. (Doc. no. 6.) Petitioner did neither, and according to publicly available records from the Georgia Department of Corrections, Petitioner was released from

---

[1] The Court **DIRECTS** the **CLERK** to substitute Myra Orsborn, the current Warden of Whitworth Women's Facility – Petitioner's place of incarceration at the time she filed her petition – as the proper Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (explaining proper respondent in § 2241 case is warden of institution where the petitioner is confined); see also Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts (explaining same in § 2254 case); Fed. R. Civ. P. 25(d).

incarceration on October 27, 2023. See https://gdc.georgia.gov (select Offender Search, Learn More; select Find an Offender, Search Now; select I agree; select Search by ID or Case Number, GDC ID Number 1003014976, Submit Form) (last visited Dec. 11, 2023). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## I. BACKGROUND

The procedural history of Petitioner's underlying case is not entirely clear because Petitioner does not provide any citations to her underlying case(s). (See generally doc. no. 1.) However, Petitioner raises an actual innocence claim, stating she is innocent of the crimes she was convicted of, while also challenging the administration of her sentence, claiming she is required to serve seven months' probation when she should only be subject to six months' probation. (Id. at 1, 6.) Her date of sentencing is listed as "2019," (id.), and Petitioner states she has had problems with the administration of her sentence of probation for three years, (id. at 2). Liberally construing Petitioner's filing, it appears Petitioner agreed to participate in some type of mental health probation program to avoid incarceration for crimes she claims she did not commit, but her probation was later revoked, resulting in a term of imprisonment. (See generally doc. no. 1.) Following her imprisonment, she was subjected to seven months of standard probation, which exceeded the six-month term of modified probation through the mental health program to which she agreed. (Id.) Petitioner provided one ground for relief, stating she "didn't do any of these charges," is behind on her bills, and listed "personal cases" with no additional context. (Id. at 6.)

## II.   DISCUSSION

### A.   Nature of the Petition

Although Petitioner filed a form for a motion brought pursuant to 28 U.S.C. § 2241, she was, by her own admission, convicted and sentenced on state charges. (See doc. no. 1, p. 1.) Although "'both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of h[er] continued state custody,' . . . allowing h[er] to file h[er] 'petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent.'" Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). Where "state prisoners 'in custody pursuant to the judgment of a State court'" petition for a writ of habeas corpus, "the prisoner is subject to [] section [2254]'s restrictions." Id. at 1060-61 (quoting § 2254(a)). Because Petitioner's request for relief does not fall into the narrow category of cases where a state prisoner is subject only to the provisions of § 2241, Petitioner is subject to the restrictions imposed by § 2254. (See doc. no. 3); see also Medberry, 351 F.3d at 1058-62 (finding where a state prisoner is in custody pursuant to a state court judgment, § 2254 reaches "challenges to the execution of a sentence").

Accordingly, as Petitioner is in custody pursuant to a state court judgment, the Court construes Petitioner's filing as a request for habeas corpus relief brought pursuant to § 2254. See United States v. Russell, 994 F.3d 1230, 1240 & n.9 (11th Cir. 2021) (recognizing Court's obligation to "look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (internal citations and quotation marks omitted)).

**B.     The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted her state judicial remedies when she has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court

4

should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

    C.    **Petitioner's Efforts at Exhaustion**

Petitioner pled guilty in two separate cases totaling three charges and was sentenced on October 28, 2021, to a three-year term of probation for one offense and five-year terms of probation for each of the other two offenses. See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "2019RCCR00216" and "2019RCCR01099") (last visited December 11, 2023) (hereinafter "Superior Court Docket"); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

On her petition, Petitioner indicated she filed appeals, grievances, or sought administrative remedies relating to various issues surrounding her sentence on three separate occasions. (Doc. no. 1, pp. 2-3.) However, these three "appeals" as described by Petitioner appear to describe proceedings or general concerns directly connected to her underlying conviction, including her probation revocation hearing, problems she faced dealing with probation officers, judges, and her public defender, and frustrations with the probation program she was assigned. (Id.) Petitioner indicated she has not "filed any other petition, application, or motion about the issues raised in this petition." (Id. at 3.) Her trial court

5

docket suggests no indication Petitioner formally contested the validity of her guilty plea, conviction, or sentence.  See Superior Court Docket.

  D.  **Plaintiff Failed to Exhaust State Remedies**

Having recategorized the filing as a request for relief pursuant to § 2254, the instant petition should be dismissed because Petitioner has not exhausted state court remedies. Plaintiff does not allege she has exhausted her state court remedies.  She does not state and there is nothing on record showing she filed an appeal or a state habeas petition.  Indeed, she concedes her concerns about her sentence were raised at the "Richmond County Courthouse." (Doc. 1, p. 2-3.)  It is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts.  As Petitioner has not exhausted available state court remedies, her petition should be dismissed without prejudice.[2]

Moreover, even assuming *arguendo* Petitioner's application is properly construed only under 28 U.S.C. § 2241, the instant petition should still be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention).

---

[2] The Court recognizes that the one-year statute of limitations imposed under AEDPA, 28 U.S.C. § 2244(d), may have expired.  However, the Court is unwilling to make a dispositive recommendation that the petition is time-barred.  Petitioner does not provide a case number or singular date for her judgment of conviction that would allow the Court to calculate when her statute of limitation began to run.  (See generally doc. no. 1.)

Nothing in Petitioner's filings suggests she has been prevented from asserting her current claims in her state court proceedings. Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the constitutionality of her guilty plea and sentence. Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); Battle v. State, 235 Ga. App. 101, 101 (1998) ("The proper method for challenging the validity of a guilty plea and resulting sentence is through habeas corpus proceedings."); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions); Castille v. Peoples, 489 U.S. 346, 349 (1989) (holding "habeas petition should have been dismissed if state remedies had not been exhausted as to *any* of the federal claims" (emphasis added)).

Requiring exhaustion will allow for factual development of Plaintiff's claims and provide the state courts the first opportunity to correct any alleged constitutional violations. Thus, even though this case is subject to dismissal without prejudice for failure to comply with the Court's Order as discussed below, Petitioner nevertheless states no valid claim for relief because she failed to exhaust available state court remedies prior to filing this action.

     **E.**    **The Petition Also Should Be Dismissed Because Petitioner Failed to Submit an IFP Motion or Pay the $5.00 Filing Fee and Failed to Keep the Court Apprised of a Current Address**

As described above, the Clerk of Court issued Petitioner a deficiency notice explaining she must file an IFP motion or pay the $5.00 filing fee and warned her that failure to comply could result in dismissal of this case. (Doc. no. 6.) Petitioner has not responded to the notice, and in fact, she has not communicated with the Court at all since the filing of her petition. Because Petitioner is no longer incarcerated at the prison address on the docket, the Court is

faced with a stagnant case and no way to communicate with Petitioner.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Petitioner's failure to submit an IFP motion, pay the $5.00 filing fee, or otherwise explain to the Court why she has not responded to the deficiency notice amounts to a failure to prosecute. Additionally, because Petitioner has been released and she has not provided the Court with a new address, the Court has no way to communicate with her. This is precisely the type of neglect contemplated by the Local Rules. Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is also subject

8

to dismissal for failing to submit an IFP motion or pay the filing fee, as well as failing to keep the Court apprised of a current address.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of December, 2023, at Augusta, Georgia.

```
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```